UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN SCHWARTZ et al., | : | |
| Plaintiffs, | : | Civ. No. 17-9133 (FLW) (TJB) |
| v. | : | |
| DENNIS NUGENT et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**FREDA L. WOLFSON, U.S.D.J.**

## I. INTRODUCTION

Plaintiff Steven Schwartz ("Schwartz") is a federal prisoner, incarcerated at FPC Schuylkill, in Minersville, Pennsylvania, and plaintiff Irene Schwartz is his mother (collectively, "Plaintiffs"). Plaintiffs are proceeding *pro se* with a Complaint asserting a claim under 42 U.S.C. § 1983 and various claims under New Jersey law. (ECF No. 1.) Presently before the Court is a motion by Steven Schwartz seeking an order enjoining a related proceeding that Plaintiffs commenced before the Superior Court of New Jersey, Law Division, Mercer County, and transferring that proceeding to this Court. (ECF No. 3.) Also before the Court is an application by Steven Schwartz to stay this proceeding.[1] (ECF No. 19.) For the following reasons, the motion to enjoin and transfer the state court proceeding is denied, and the application to stay this proceeding is granted.

---

[1] Additionally pending before the Court, though not substantively resolved by this Memorandum Opinion, are a second application by Steven Schwartz for leave to proceed *in forma pauperis*, (ECF No. 15), and four motions to dismiss the Complaint by various defendants. (ECF Nos. 5, 12, 16, & 17.)

## II. BACKGROUND

In May 2017, Plaintiffs filed a *pro se* complaint in the Superior Court of New Jersey, Law Division, Mercer County, alleging claims against Dennis Nugent[2] ("Nugent"), Jarad Fingerman ("Fingerman"), St. Francis Medical Center ("St. Francis"), Robert Wood Johnson University Hospital ("RWJ"), Jeffrey Gojaniuk ("Gojaniuk"), Michael Cohen ("Cohen"), Diane Doe (collectively "Defendants"), and various John Doe defendants for medical malpractice, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, negligence, and civil conspiracy. (ECF No. 3 ¶ 9; Mot., Ex. A, ECF No. 5-3.) Plaintiffs' main allegation in the state court action was that Schwartz had begun suffering from a kidney stone in December 2010 and, from that time until July 2016, the defendants had harmed him by providing negligent medical treatment for that condition and subsequent complications.[3] (*See* ECF No. 5-3.)

Because of the medical malpractice claims, the defendants who appeared in that action requested that Schwartz submit affidavits of merit, but Schwartz indicates that, even with his mother's aid, he has not been able to obtain one as he is proceeding *pro se*. (ECF No. 3 ¶¶ 11–14, 50.) Schwartz represents that he sought an extension of time to obtain an affidavit of merit and sought fee waivers from the Superior Court, but received no responses to these applications. (*Id.* ¶¶ 20–34.) Allegedly unbeknownst to Schwartz, the Honorable Janetta D. Marbrey, J.S.C., issued an order on September 1, 2017, directing Schwartz to produce affidavits of merit as to each defendant within 120 days of their answers, pursuant to New Jersey Statutes Annotated §

---

[2] Nugent is also listed as a defendant in this action, although he has not entered his appearance. Schwartz seems to believe that Nugent has died. (*See* ECF No. 3 at 3 n.2.)

[3] The defamation claim was the only claim in the state action that concerned Irene Schwartz. (*See* ECF No. 5-3.)

2

("N.J.S.A.") 2A:53A-41, providing Schwartz a range of deadlines between October 11, 2017 and December 2, 2017. (Mot., Ex. D, ECF No. 5-6.) Schwartz claims that he did not learn of this order until after the defendants in the state action began filing dismissal motions on October 16, 2017. (*See* ECF No. 3 ¶¶ 35–40.) Schwartz states that on October 25, 2017, he sent a request to the Superior Court seeking additional time to oppose pending dismissal motions by Gojaniuk and RWJ but received no response. (*Id.* ¶¶ 47–48.) He explains that the Superior Court returned his fee-waiver application on October 30, 2017. (*Id.* ¶¶ 41–43.)

Meanwhile, on October 20, 2017, Plaintiffs commenced the action presently before this Court. (Compl., ECF No. 1.) The Complaint in this action is nearly identical to Plaintiff's state court complaint with the addition of a cause of action against the individual defendants for deliberate indifference to a serious medical need in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment.[4] (*See id.* ¶¶ 147–160.)

### III.   APPLICATIONS PENDING BEFORE THE COURT

Shortly after commencing this action, Schwartz seeks, under the All Writs Act, 28 U.S.C. § 1651, an order staying the Superior Court proceedings and transferring them to this Court.[5]

---

[4] The Complaint in this action also replaces defendant Diane Doe with Diane Secusa ("Secusa") and impleads Urology Care Alliance of Lawrenceville ("UCAL") and Denise Nugent, the latter of whom Schwartz believes to be the executrix of Nugent's estate. (*See* ECF No. 1.)

[5] This motion additionally sought the appointment of *pro bono* counsel, (ECF No. 3 ¶¶ 53–55), and Plaintiffs simultaneously submitted a joint application to proceed *in forma pauperis*, (ECF No. 4). The Court denied the *in forma pauperis* application and directed Plaintiffs to refile separate applications to proceed *in forma pauperis* and for appointment of *pro bono* counsel. Steven Schwartz subsequently filed a new application to proceed *in forma pauperis* and, concurrently, a new motion for appointment of *pro bono* counsel. (ECF Nos. 14 & 15.) On April 3, 2018, the Honorable Tonianne J. Bongiovanni denied this subsequent motion for the appointment of *pro bono* counsel. Accordingly, though the remainder of Steven Schwartz's motion seeking an injunction and transfer of the state court proceeding remains active, the Court finds the portion of the motion seeking appointment of *pro bono* counsel to have been previously adjudicated.

(ECF No. 3.)  Schwartz alleges that he will suffer irreparable harm without a stay, as the Superior Court is denying Schwartz due process and that he "faces imminent possible dismissal of his meritorious medical malpractice claims."  (*Id.* ¶¶ 2–3, 51.)  Schwartz recounts his difficulties finding an expert to provide an affidavit of merit and the Superior Court's alleged non-responsiveness to his applications and failure to ensure his receipt of orders.  (*See id.* ¶¶ 9–43.)  Schwartz accuses the Superior Court of "creat[ing] bogus documents to cover-up for the Court's attempts to rig these proceedings against Steven and Ilene in favor of the local corporations, individuals and influential law firms."  (*Id.* ¶ 44.)

Fingerman and Cohen oppose this motion.  (ECF No. 6.)  They contend that Steven Schwartz cannot remove the state court proceeding to this Court under 28 U.S.C. § 1441 and that the All Writs Act does not independently permit this type of removal.  (*Id.* at 3–5.)  They further argue that the Anti-Injunction Act generally bars this Court from enjoining state court proceedings, and that Schwartz has not shown that this case fits into any exception to that rule.  (*Id.* at 5–7.)  St. Francis also opposes this motion on essentially the same bases.  (*See* ECF No. 7.)

Schwartz has also filed a request to stay this proceeding.  (ECF No. 19.)  He explains that he is dealing with litigation on several fronts, including various efforts to obtain relief in the Eastern District of Pennsylvania, "open §2255 proceedings," oppose defendants' dismissal motions, prepare a motion for leave to amend, and obtain discovery.  (*Id.*)  His application also seems to imply that he may presently lack access to his legal documents.  (*See id.*)

Cohen, Fingerman, Secusa, and UCAL[6] oppose the request for a stay.  (ECF No. 20.)  They argue that Schwartz has shown no legal basis for a stay and that his own voluntary

---

[6] *See supra*, note 4.

4

litigation actions are the sole cause of his predicament. (*Id.*) St. Francis also opposes the stay application, contending that Schwartz's time to file submissions relating to any pending motions in this action has already elapsed and, like the other defendants, argues that Schwartz has shown no basis for granting a stay. (ECF No. 21.)

IV. ANALYSIS

The Anti-Injunction Act in its current form provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court has noted that this provision is, on its face, "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970); *see also Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). These exceptions are narrowly construed, and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Atl. Coast Line R.R. Co.*, 398 U.S. at 286–87, 297; *see also Smith*, 564 U.S. at 306; *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988).

There is no indication that the injunction Schwartz seeks is "expressly authorized by Act of Congress." While Schwartz ostensibly relies on the Court's authority under the All Writs Act, 28 U.S.C. § 1651, the Anti-Injunction Act functions to limit the scope of the All Writs Act, not the other way around. *See In re Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 305 (3d Cir. 2004). "The two statutes act in concert, and *if* an injunction falls within one of the Anti-Injunction Act's three exceptions, the All-Writs Act provides the positive authority for federal courts to issue injunctions of state court proceedings." *Id.* (emphasis added) (internal quotation

marks and brackets omitted); *see also In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 143 (3d Cir. 1998). Schwartz has failed to identify other statutory basis for the relief he seeks. (*See* ECF No. 3.)

An injunction "in aid of [a court's] jurisdiction" is appropriate only when "some federal injunctive relief may be necessary to prevent a state from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R.R. Co.*, 398 U.S. at 294. Such injunctions are typically appropriate only in removed or *in rem* cases, or when a federal court has before it "complex litigation, especially when it involves a substantial class of persons from multiple states, or represents a consolidation of cases from multiple districts." *See In re Diet Drugs*, 369 F.3d at 306 (internal quotation marks omitted); *1975 Salaried Ret. Plan for Eligible Emps. of Crucible, Inc. v. Nobers*, 968 F.2d 401, 407 (3d Cir. 1992). Federal courts may not "enjoin state court proceedings merely because those proceedings interfere with a protected federal right." *Atl. Coast Line R.R. Co.*, 398 U.S. at 294.

There is no indication that the state court litigation that Schwartz seeks to halt interferes with this Court's jurisdiction over any proceeding. He voluntarily commenced the state action before filing a duplicative case here. In that regard, enjoining the state court action would seem to present an undue interference with the state court's jurisdiction.

Injunctions to "protect or effectuate [a court's] judgments" fall under the so-called "relitigation exception." *See Chick Kam Choo*, 486 U.S. at 147; *In re Diet Drugs*, 369 F.3d at 305. This exception is premised on the general preclusionary principles of *res judicata* and collateral estoppel. *See Chick Kam Choo*, 486 U.S. at 147; *In re Diet Drugs*, 369 F.3d at 305. "The relitigation exception was designed to permit a federal court to prevent state litigation of an

6

issue that previously was presented to and decided by the federal court." *Chick Kam Choo*, 486 U.S. at 147.

Schwartz identifies no existing federal judgment with which the state court proceeding could interfere. There is no indication that some other judgment exists that is relevant to the matters underlying this case. Instead, it appears that Schwartz, anticipating an unfavorable decision by the state court, simply seeks to avoid the potentially preclusive effect that would result. Thus, the portion of the motion seeking an injunction against the state court proceeding is denied.

Schwartz also identifies no legal basis to "transfer" the state court proceeding to this Court. Under 28 U.S.C. § 1441, an action commenced in a state court over which a federal district court would have jurisdiction "may be removed by the *defendant or defendants*." 28 U.S.C. § 1441(a) (emphasis added). This language is consistently echoed by related statutes concerning removal, with constant reference to removal by the defendant or defendants—not by the plaintiff. *See* 28 U.S.C. §§ 1443, 1446, 1453, 1455. Accordingly, it has long been established that only defendants can remove an action. *See, e.g.*, *Chi., R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–06 (1941); *Hughey v. SEPTA*, 712 F. App'x 214, 215 (3d Cir. 2018); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972).

As Schwartz is the plaintiff, he cannot remove the case he commenced in state court to this Court.[7] Accordingly, the portion of the motion seeking to transfer the state court proceeding to this Court is also denied.

---

[7] The Court additionally notes that, even if a plaintiff could remove, Schwartz's purported attempt to do so would fall well after the expiration of the statutorily imposed 30-day deadline. *See Galvanek v. AT & T, Inc.*, Civ. A. No. 07-2759 (FLW), 2007 WL 3256701, at *2 (D.N.J.

7

Contrary to the defendants' argument that no rule authorizes the stay that Schwartz seeks, the Court notes that it has the discretion to stay a proceeding when the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *Nicholas v. Wyndham Int'l*, 149 F. App'x 79, 81 (3d Cir. 2005); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In deciding whether to grant a stay, courts generally consider four factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party, (3) whether a stay would simplify the issues and the trial of the case, and (4) whether discovery is complete and/or a trial date has been set.

*Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (internal quotation marks, alterations, and citations omitted) (citing *Cima Labs, Inc. v. Actavis Group HF*, Civ. Nos. 07-893, 06-1970, & 06-1999 (DRD), 2007 WL 1672229, at *8 (D.N.J. June 7, 2007), *Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 424 (D.N.J. 2003), & *St. Clair Intellectual Prop. Consultants v. Motorola Mobility LLC*, Civ. A. No. 11-1305-LPS, 2012 WL 4321743 (D. Del. Sept. 20, 2012)). Courts may also account for additional considerations specific to the circumstances of the case. *See id.*

While there may be some general disadvantage to any litigant when the final resolution of a case is delayed, Defendants here have not asserted that they would suffer any particular prejudice. On the other hand, it seems that denying a stay could result in relatively severe hardship to Schwartz. He conveys that he is actively litigating several cases and that he is still

---

Nov. 5, 2007) ("[I]t is well-established that the thirty day period for removal is mandatory and cannot be extended by the court.")

awaiting litigation-related documents, and he seems additionally to imply some difficulties with access to his legal documents. (*See* ECF No. 19.) As Defendants would suffer no clear prejudice from granting a stay, and Schwartz would potentially suffer serious prejudice from its denial, these factors weigh in favor of granting a stay.

There is no clear indication that permitting a stay would simplify the issues in this action, but that is not, in any case, the purpose for which Schwartz seeks a stay. The fact that this case is still in the earliest stages—discovery has not yet begun—weighs in favor of permitting a stay. *See Actelion Pharm. Ltd. v. Apotex Inc.*, Civ. No. 12-5743 (NLH/AMD), 2013 WL 5524078, at *6 (D.N.J. Sept. 6, 2013). With respect to other considerations, the Court notes that leniency is typically afforded to *pro se* litigants. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

As such, the Court finds that, on balance, the interests of justice warrant granting a brief stay of this action to ensure that Steven Schwartz has in fact been afforded a full opportunity to present his arguments. The action, including all other pending motions and applications, shall be stayed and administratively terminated for 60 days, and Plaintiffs shall file any opposition to the pending dismissal motions by the end of that period.

## V. CONCLUSION

For the foregoing reasons, the pending motion for an order enjoining the state court proceeding and transferring that proceeding to this Court, (ECF No. 3), is denied, and the Superior Court may proceed with the case before it. Furthermore, the application to stay this action, (ECF No. 19), is granted. The action, including all other pending motions and applications, is stayed and administratively terminated for a period of 60 days from the entry of this order. Plaintiffs shall file any opposition to Defendants' dismissal motions by the expiration of this stay. The moving defendants may file any reply brief within 21 days of receiving papers

9

opposing their motions. The litigants shall notify the Court of any substantive ruling or occurrence in the state court proceeding within seven days of such occurrence.

An appropriate order follows.

DATED: June 21, 2018　　　　　　　　　　　　　/s/　　　Freda L. Wolfson
　　　　　　　　　　　　　　　　　　　　　　　　FREDA L. WOLFSON
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge