UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN SCHWARTZ et al., | : | |
| Plaintiffs, | : | Civ. No. 17-9133 (FLW) (TJB) |
| v. | : | |
| DENNIS NUGENT et al., | : | **MEMORANDUM AND ORDER** |
| Defendants. | : | |

Plaintiff Steven Schwartz is a federal prisoner, incarcerated at FPC Schuylkill, in Minersville, Pennsylvania, and plaintiff Ilene Schwartz is his mother (collectively, "Plaintiffs"). Plaintiffs are proceeding *pro se* with a Complaint asserting a claim under 42 U.S.C. § 1983 and various claims under New Jersey law. (ECF No. 1.) Presently before the Court is a motion by Steven Schwartz seeking reconsideration of this Court's Opinion and Order of June 21, 2018, which denied his motion to enjoin a parallel state court proceeding and transfer that proceeding to this Court.[1] (ECF No. 26.)

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See*

---

[1] That Opinion and Order also granted a request by Steven Schwartz to stay this proceeding, and a stay was granted for a period of 60 days. (*See* ECF Nos. 23 & 24.)

*Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, the movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Steven Schwartz does not identify any change in law or newly available evidence, and the Court construes his motion as alleging a clear error of law or fact. He first asserts that this Court erred by finding that the portion of his motion seeking appointment of *pro bono* counsel had already been adjudicated by Magistrate Judge Tonianne J. Bongiovonni's April 3, 2018 Letter Order. (ECF No. 26 ¶¶ 1–6.) Steven Schwartz argues that Judge Bongiovonni "did *not* adjudicate Plaintiff's motion for *pro bono* counsel," and he urges that he should now be appointed counsel. (*Id.*)

This argument is incorrect. Magistrate Judge Bongiovonni explicitly stated that Steven Schwartz's application for *pro bono* counsel was "DENIED WITHOUT PREJUDICE." (ECF No. 22.) It appears that Steven Schwartz may have misunderstood this Court's prior Opinion and Order as holding that the issue of *pro bono* counsel was conclusively resolved and could never be revisited. (*See* ECF No. 26 ¶ 5.) That was not this Court's holding. The simple conclusion of the Court in its prior Opinion and Order was that no active request for *pro bono* counsel could be considered as pending before the Court at that time. If Steven Schwartz properly files another motion for appointment of *pro bono* counsel, that motion will be considered on its merits. As this Memorandum and Order grants his outstanding application to

proceed *in forma pauperis*, that issue will no longer pose a hurdle to deciding a motion for appointment of *pro bono* counsel.

Steven Schwartz then argues that the Court should reconsider its denial of his motion to enjoin the parallel state court proceeding. He argues that his commencement of that proceeding should not be considered voluntary because he "stay[ed] out of federal court fearing retaliatory actions by those who control his custody." (*Id.* ¶¶ 7–14.) Steven Schwartz again argues that the state-court proceeding should be stayed to serve the interests of justice and because he needs to obtain legal representation for both that case and this one. (*Id.* ¶ 15–30.)

The Court's previously denied Steven Schwartz's request for an order staying the state-court proceeding, because such an order is barred by the Anti-Injunction Act unless it expressly authorized by statute or if it is necessary to prevent a state court from interfering with a federal court's jurisdiction or with the effect of a federal court's previously issued judgment. (ECF No. 23 at 5–7.) Steven Schwartz's arguments in favor of reconsideration do not identify any error in this analysis. That Steven Schwartz does not feel that his commencement of an action in state court was totally voluntary does not affect the analysis under the Anti-Injunction Act; indeed, that rule applies even (or especially) when it is the defendant (almost always a truly involuntary litigant) who seeks the injunction. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 142–151 (1988) (reversing as overly broad federal injunction issued staying state proceeding at request of defendants therein). Accordingly, the motion for reconsideration is denied.

The Court also takes this opportunity to resolve Steven Schwartz's unresolved application to proceed *in forma pauperis*. The Court had denied without prejudice an initial application to proceed *in forma pauperis* as submitted on an improper form and had directed the clerk to send the proper *in forma pauperis* forms to both Steven Schwartz and his co-plaintiff,

Ilene Schwartz. (ECF No. 10.) Steven Schwartz subsequently submitted a new *in forma pauperis* application on the proper form.[2] (ECF No. 15.) Having examined that application, leave to proceed in this Court *in forma pauperis* is authorized as to Steven Schwartz. *See* 28 U.S.C. § 1915.

The Court further notes that Ilene Schwartz recently contacted chambers to report that Plaintiffs may be close to retaining counsel to represent them in this matter. Accordingly, the Court will extend the stay of this matter to permit Plaintiffs an opportunity to retain counsel and for any such counsel to become familiarized with the case and determine a proper course of action. Particularly, the Court notes that, if any retained counsel would like an opportunity to file an opposition to Defendants' unresolved motions to dismiss the proceeding, an application for this opportunity should be filed as soon as practicable. The Court will thus stay the action for another 60 days to permit Plaintiffs to pursue this option.

Therefore, IT IS, on this 10th day of January 2019,

ORDERED that Steven Schwartz's motion for reconsideration of the Court's denial of his motion to stay the parallel state-court proceedings, (ECF No. 26), is **DENIED**; there is presently no basis for this Court to enjoin the state-court proceedings, and that court may proceed with the parallel action accordingly; and it is further

ORDERED that plaintiff Steven Schwartz's application to proceed *in forma pauperis*, (ECF No. 15), is hereby GRANTED; and it is further

ORDERED that this action is STAYED for an additional 60 days to permit Plaintiffs time to retain counsel; and it is further

---

[2] The Court has not received any *in forma pauperis* application from plaintiff Ilene Schwartz.

ORDERED that the Clerk shall serve copies of this Memorandum and Order upon Plaintiffs by regular U.S. mail.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge