UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN SCHWARTZ, et al., | Civ. No. 17-9133 (GC) (TJB) |
| Plaintiffs, | |
| v. | |
| | MEMORANDUM & ORDER |
| DENNIS NUGENT et al., | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Steven Schwartz ("Schwartz") and Ilene Schwartz's (referred to collectively as "Plaintiffs") motion for leave to file an Amended Complaint ("Motion to Amend") pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 15.1(a). (Docket Entry No. 82.) Through the proposed Amended Complaint, Plaintiffs seek to (1) add three new defendants to the matter; Phillip S. Brackin ("Dr. Brackin"), NaphCare, Inc. ("NaphCare"), and Russel Fried ("Dr. Fried"); (2) change the name of a previously named Defendant[1]; and (3) assert a claim for violation of Article I, Paragraph 12 of the New Jersey Constitution. (Docket Entry No. 76-1.) Defendants[2] oppose the motion to amend on futility grounds (Docket Entry Nos. 84, 85, 86, 87, and 88) to which Plaintiffs have replied (Docket Entry No. 91.) The Court has fully reviewed the arguments made in support and in opposition to

---

[1] Plaintiff seeks to change the name of Defendant Urology Care Alliance to "New Jersey Urology".

[2] Defendants shall be referred to collectively as Dennis Nugent, M.D. ("Dr. Nugent"), Jarad Fingerman, M.D. ("Dr. Fingerman"), St. Francis Medical Center ("St. Francis"), Robert Wood Johnson University Hospital ("RWJUH"), Jeffrey Gojaniuk, D.O. ("Dr. Gojaniuk"), Michael Cohen, M.D. ("Dr. Cohen"), Diane Secusa ("Secusa"), Denise Nugent, and Urology Care Alliance of Lawrenceville ("UCAL").

1

Plaintiffs' motion. The Court considers the Motion to Amend without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiffs' motion is **GRANTED** in part and **DENIED** in part.

## I.     BACKGROUND AND PROCEDURAL HISTORY

As the facts and background of this matter are well-known to the parties and the Court, they are not set forth at length. The Court recites only those facts and procedural history that are related to the instant Motion discussed herein.[3]

The origin of this case can be summarized as follows. On May 11, 2017, Plaintiffs initiated a *pro se* Complaint in the Superior Court of New Jersey, Law Division, Mercer County, alleging claims against Dr. Nugent, Dr. Fingerman, St. Francis, RWJUH, Dr. Gojaniuk, Dr. Cohen, Diane Doe ("Doe"), and various John Doe defendants for medical malpractice, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, negligence, and civil conspiracy. (Docket Entry No. 5-3, at 4–5, Exhibit A.) Schwartz is a federal prisoner, who is currently on home confinement, and was previously incarcerated at FCI Fort Dix. (*See id.*; *see also* Docket Entry No. 34.) Plaintiff Ilene Schwartz is his mother. Plaintiffs' primary allegation in the state court action was that Schwartz suffered a kidney stone in December 2010 and, from that time until July 2016, Defendants harmed him by providing negligent medical treatment for that condition, which had caused subsequent complications. (Docket Entry No. 5-3.)

Included in the medical Defendants' state court responsive pleadings was a demand for an Affidavit of Merit. (*See e.g.*, Docket Entry Nos. 5-4, Exhibit B, and 6-2, Exhibit B.) Schwartz

---

[3] For a more comprehensive factual background, the Court directs the parties to the District Court's Memorandum & Order dated June 28, 2021. (Docket Entry No. 70.)

has represented that he sought an extension of time to obtain an Affidavit of Merit and sought waivers from the Superior Court, but did not receive a response. Allegedly, unbeknownst to Schwartz, the Honorable Janetta D. Marbrey, J.S.C. issued an order on September 1, 2017, which had directed Schwartz to produce Affidavits of Merit as to each defendant within 120 days of their Answers, as prescribed by N.J.S.A. 2A:53A-27. (Docket Entry 5-6, at 2, Exhibit D.) Schwartz was directed to produce an Affidavit of Merit as to each Defendant between October 11, 2017, and December 2, 2017. (*Id.*) It is undisputed that Plaintiffs did not provide an Affidavit of Merit within the deadlines set by the Honorable Janetta D. Marbrey, J.S.C. Accordingly, Defendants began filing motions for dismissal in state court as early as October 16, 2017. (*Id.*¶¶ 35–40.)

While the state court action was pending, on October 20, 2017, Plaintiffs proceeded *pro se* filing the instant Complaint in this District, along with a Motion to Stay, Transfer, and Appoint Counsel. (Docket Entry Nos. 1 and 3.) The federal Complaint listed the same Defendants above, as well as several new Defendants, including Urology Care Alliance of Lawrenceville ("UCAL") and Dr. Fingerman's office manager, Diane Secusa ("Secusa"). (*Id.* at 1–7.) The federal Complaint arose from the same facts at issue in the dismissed state court action. Plaintiffs' federal Complaint is also predicated on many of the same and/or similar causes of action, including Counts for (1) Medical Malpractice; (2) Fraud; (3) Intentional Infliction of Emotional Distress; (4) Negligent Infliction of Emotional Distress; (5) Defamation; (6) Negligence; (7) Civil Conspiracy; and (8) Reckless and Deliberate Indifference to a Serious Medical Need under the Fifth and Eighth Amendments. (*See id.* at 19–33.) While all Defendants moved to dismiss the federal Complaint (Docket Entry Nos. 5, 12, 16, and 17), Plaintiffs moved to stay the action pending the resolution of the parallel state action. Plaintiffs' application to stay the matter was granted on June 21, 2018. (Docket Entry No. 24.)

On October 30, 2020, the Honorable Douglas Hurd, P.J.Cv. dismissed Plaintiffs' state court Complaint, with prejudice, predicated on Plaintiffs' failure to comply with the Affidavit of Merit Statute, N.J.S.A. 2A:53A-26 et seq.  (Docket Entry No. 84-1, at 55–56, Exhibit B.)  Thereafter, on November 9, 2020, the federal Court granted Defendants' request to reopen the matter and allow Defendants to refile their Motions to Dismiss.  (Docket Entry No. 51.)  Accordingly, Defendants renewed their Motions to Dismiss.  (Docket Entry Nos. 52, 53, 54, and 57), asserting that Plaintiffs' medical malpractice claims and federal Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), for failure to submit a timely Affidavit of Merit.[4]

On March 31, 2021, in response to the motions to dismiss, Plaintiffs filed a Motion to Amend the Complaint.  (Docket Entry No. 64.)  On June 28, 2021, the District Court denied the pending motions to dismiss, without prejudice, as improperly filed, and appointed counsel *sua sponte* under *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993), to represent Plaintiffs.  Plaintiffs' then Motion to Amend "was administratively terminate[d] . . . pending the appearance of counsel" who could "file a new motion to amend, if appropriate."  (*Id.*)

Plaintiffs were appointed *pro bono* counsel on August 23, 2021.  (Docket Entry No. 71.) On February 10, 2022, the Court directed Plaintiffs to file an Amended Complaint by February 18, 2022. (Docket Entry No. 74.)  Plaintiffs, abiding with the Court's directive, filed a Notice of Filing Amended Complaint, with an attached First Amended Complaint, on February 18, 2022.  (Docket Entry No. 76.)  The Amended Complaint sought to add Drs. Brackin and Fried, who allegedly had agreements with the BOP to provide care for inmates at FCI Fort Dix, and "[d]irectly and indirectly oversaw the treatment of [Schwartz] during all relevant time periods." (Docket Entry No. 76-1,

---

[4] Defendants' submissions were accompanied by various Exhibits from the state court proceedings, which included and emphasized, the Superior Court's October 30, 2020, order of dismissal.

4

¶¶16, 17.)  Plaintiffs also added NaphCare, as a Defendant, who is an alleged "provider of correctional healthcare services in jails and prisons that has contracts with all Defendants . . . including the BOP." (*Id.* at ¶18.)  Further, Plaintiffs added a new claim, not previously pleaded, for an alleged violation of Article I, Paragraph 12 of the New Jersey Constitution.  (*Id.* at ¶ 128.)

On March 11, 2022, following a telephone status conference, the Court stayed proceedings for the parties to consider settlement.  (*See* 3/11/2022 Text Minute Entry, Docket Entry No. 78.)  Settlement discussions having failed, this matter was reopened on August 15, 2022, and Plaintiffs were directed to file a motion seeking leave to file an amended complaint.  (Docket Entry No. 81.)  On August 9, 2022, Plaintiffs filed this Motion.  (Docket Entry No. 82.)  Defendants, many of whom are represented by their own counsel, filed four oppositions to the Motion to Amend. (Docket Entry Nos. 84, 85, 86, and 88).

In their oppositions, Defendants argue that any motion to amend should be denied on futility grounds.  They argue that Plaintiffs' Amended Complaint is futile because Plaintiffs' claims are now time-barred by the statute of limitations. (*See* Docket Entry No. 84, at 2; Docket Entry No. 85, at 10–12; Docket Entry No. 88, at 6–11; Docket Entry No. 89, 6–7.)  On a separate but related ground, Defendants argue the resolution of the prior state court action through dismissal with prejudice is a *res judicata* bar to the current action, making any attempt to add parties or claims futile. (*See, e.g.*, Docket Entry No. 85, at 8–10; Docket Entry No. 87; Docket Entry No. 88, at 4–6; Docket Entry No. 89, at 5–6.)  The Court will address each argument, in turn, below.

## II.   ANALYSIS

### A.   Rule 15 Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave

when justice so requires." The decision to grant leave to amend is left within the discretion of the district court. *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 144 n.10 (3d Cir. 2009). In order to ensure that claims will be decided on the merits rather than on technicalities, the Third Circuit has shown a strong liberality in allowing amendments under Rule 15. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Pursuant to the factors set out in *Foman v. Davis,* leave to amend must be granted in the absence of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

### 1. Dilatory Conduct / Prejudice

The Court will briefly address Defendants' argument that Plaintiffs engaged in "dilatory conduct" and an "attempt to circumvent the likely dismissal of Plaintiff[s'] Complaint on summary judgment based on Plaintiff[s'] failure to comply with the Affidavit of Merit Statute . . . ." (Docket Entry No. 84, at 2.) Defendants take issue that Plaintiffs did not identify "nor sought to name [the additional Defendants] until after the state court matter arising out of the same set of facts was dismissed." (*Id.*)

The Court does not find that Defendants advance compelling evidence to demonstrate that Plaintiffs engaged in dilatory conduct in their proposed amendments to the Complaint. Here, Plaintiffs initially brought their motion to file an Amended Complaint on March 31, 2021. (Docket Entry No. 64.) The District Court administratively terminated the motion to amend as improperly filed, appointed *pro bono* counsel, and directed Plaintiffs to file their Amended Complaint by February 18, 2022. (Docket Entry No. 70.)

Accordingly, Plaintiffs, with the assistance of counsel, filed their motion for an Amended Complaint by the deadline of February 18, 2022. (Docket Entry No. 76.) Thereafter, the Court

stayed proceedings to allow the parties to engage in settlement discussions. After the stay was lifted, the Court ordered Plaintiffs to file a motion for leave to amend their complaint by September 9, 2022. (Docket Entry No. 81.) Plaintiffs complied with the Court's deadline and filed their Motion to Amend on September 9, 2022. (Docket Entry No. 82.) The Court will deny finding that Plaintiffs have engaged in dilatory conduct in bringing this Motion where the record reflects that Plaintiffs have complied with all case deadlines. Given Plaintiffs' interest in moving this matter to conclusion, their then-*pro se* status, as well as Schwartz' incarceration, the Court does not find that Plaintiffs' delay in identifying possible relevant parties and claims to be motivated by bad faith.

Nor does the Court find that the proposed amendments would be prejudicial. "It is well-settled that prejudice to the nonmoving party is the touchstone for the denial of an amendment." *O'Neill v. City of Philadelphia*, 289 F. App'x 509, 512 (3d Cir. 2008) (quoting *Cornell & Co.*, 573 F.2d at 823). Incidental prejudice is insufficient grounds on which to deny leave to amend. *See In re Caterpillar, Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014). "Prejudice is generally evaluated by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the nonmoving party from bringing a timely action in another forum." *In re: L'Oreal Wrinkle Cream Mktg. Practices Litig.*, Civ. Action No. 12-3571, 2015 U.S. Dist. LEXIS 132997, 2015 WL 5770202, at *3 (D.N.J. Sept. 30, 2015). Notably, courts may consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *See Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001); *see also Carr v. New Jersey*, 2012 WL 1574286, at *3 (D.N.J. May 3, 2012) (Falk, M.J.) (denying leave to amend where amendment would, among other things, "force [the]

7

[d]efendants to . . . evaluate a new claim that could have been brought many months ago and which could require additional and different discovery").

Defendants argue that Plaintiffs seek leave to amend to "revive" a Complaint that was likely to be dismissed in light of the prior dismissal of the state court matter. (Docket Entry No. 84, at 2.) However, the proposed amendments have no bearing on the issue of the Affidavit of Merit, which was central to the state court dismissal order. Rather, the proposed Amended Complaint simply adds as Defendants certain medical caregivers who allegedly treated Schwartz and a New Jersey constitutional claim against all Defendants. Plaintiffs' New Jersey constitutional claim will not impose any additional burden on Defendants, given that this claim closely resembles the federal constitutional claims Plaintiffs previously asserted in their initial Complaint. *Ramirez v. Nugent*, Civ. Action No. 12-6781(JBS), 2014 WL 7404048, at *6 n.4 (D.N.J. Dec. 30, 2014) (D.N.J. Oct. 20, 2016) (stating that an Article I, paragraph 12 claim is "analyzed identically to a deliberate indifference claim under the Eighth Amendment"). Finally, it must be noted that formal discovery has not yet begun. By granting Plaintiffs' amendments, it is unlikely Defendants will be required to expend significant additional resources defending this matter.

2. **Futility**

"Although leave to amend the pleadings under Fed. R. Civ. P. 15 is granted liberally, the court may deny a motion to amend" based on "futility of the amendment." *Gibbs v. Massey*, No. 07-3604, 2009 WL 838138, at *3 (D.N.J. Mar. 26, 2009) (internal quotation marks omitted). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). "To determine whether a proposed amendment is futile the Court applies the same standard as a motion to dismiss under

Rule 12(b)(6)." *Gibbs*, 2009 WL 838138, at *3 (citing *Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co., Inc.*, 380 F. Supp. 2d 457, 462 (D.N.J. 2005)). "The Court therefore [must] accept all factual allegations as true 'as well as the reasonable inferences that can be drawn from them.'" *Id.* (quoting *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001)).

Defendants assert that the proposed amendments would be futile as barred by *res judicata*. Defendants emphasize that the Mercer County Superior Court has already ruled on Plaintiffs' claims and dismissed them with prejudice for failing to produce an Affidavit of Merit within the required time frame. Additionally, Defendants argue that Plaintiffs' Amended Complaint is futile because the claims are time-barred by the statute of limitations governing Plaintiffs' claims.

In their opposition briefs, Defendants emphasize that any proposed amendments to the Complaint would be futile due to the doctrine of *res judicata*. However, this issue was already considered at length by the District Court in its June 28, 2021 Memorandum & Order. (Docket Entry No. 70.) The District Court found that "Defendants spill considerable ink arguing that Plaintiff[s'] medical malpractice claims against them must dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to provide a timely affidavit of merit ("AOM"), and they have attached various exhibits from the parallel state court proceeding." (Docket Entry No. 70, at 7.) The District Court highlighted that, while state courts construe the failure to file an Affidavit of Merit as failure to state a claim, the Affidavit of Merit is not a pleading requirement or cause for dismissal under Rule 12(b)(6) in federal court because the Affidavit of Merit requirement is only triggered *after* the answer is filed. *See Nuveen Municipal Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 303 (3d Cir. 2012). Indeed, it was determined that "because the [Affidavit of Merit] due date is triggered by the filing of an answer, and none of the Defendants filed their Answers in [this federal

9

action], it would appear, absent contrary authority, that Plaintiff[s'] [Affidavit of Merit] is not yet due." (*Id.*)

In assessing futility, the Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6) (6). Because the District Court previously concluded that the Plaintiffs' claims survive the threshold showing under Rule 12(b)(6), the proposed amendments to the Complaint are not, based on the doctrine of *res judicata,* clearly futile. Defendants' preclusion-based arguments based upon "plaintiff[s'] failure to file a timely affidavit should [be filed as] a motion for summary judgment under Rule 56." (*See* Docket Entry No. 70, at 9.)

The Court next turns to the issue of whether the claims raised in the Amended Complaint are time-barred because the Amended Complaint would be entered after claims' respective statute of limitations have run. It is well established that where a party seeks to make an amendment after the statute of limitations has passed, that party holds the burden to establish that the amendment is appropriate under Rule 15(c). Fed. R. Civ. P. 15 takes a liberal approach to pleading. *SEPTA v. Orrstown Fin. Servs.*, 12 F.4th 337, 344 (3d Cir. 2021). Consistent with that approach, "the relation-back doctrine under Rule 15(c) allows a court to treat a later-filed amended pleading as if it had been filed at the time of the initial pleading." *Id.* Rule 15(c) states that "an amended pleading 'relates back to the date' of the initial pleading when, among other things, 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *See id.* (quoting Rule 15(c)(1)(B)). Courts have found the Rule to embody a clear preference "for merits-based decision making." *Id.* (quoting *T Mobile Ne. LLC v. City of Wilmington*, 913 F.3d 311, 328 (3d Cir. 2019)).

In advancing Rule 15's liberal approach toward proposed amendments, the Third Circuit, in *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004), found that "amendments that

10

restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction[,] or occurrence in the preceding pleading fall within Rule 15(c)." *Bensel*'s approach has been adopted in later cases, finding that Rule 15(c) amendments permitted merely adding more factual detail to existing claims. *See, e.g., United States v. Santarelli*, 929 F.3d 95, 102-03 (3d Cir. 2019). With respect to the addition of new claims, new claims will relate back to the date of the original complaint only if they arise out of the conduct, transaction, or occurrence set out (or attempted to be set out) in the original complaint. *See* Rule 15(c)(1)(B).

As an initial matter, the Court notes that Defendants RWJUH[5], St. Francis, and Dr. Gojaniuk appear to argue, for the first time, that amending the Complaint would be futile as many of Plaintiffs' claims, including those set forth in the initial Complaint, lack foundation in fact or law, or are barred by the statute of limitations. (*See, e.g.*, Docket Entry No. 89, at 8; Docket Entry No. 85, at 11; and Docket Entry No. 88.) St. Francis also raises new arguments, which had not been raised in its prior motion to dismiss, namely, that this Court lacks subject matter jurisdiction over the federal Fifth and Eighth Amendment claims for reckless indifference to a serious medical need, and Article I, Paragraph 12, of the United States Constitution.[6]

---

[5] RWJUH raises, as a separate point, a question of whether Ilene Schwartz can pursue certain damages and claims on behalf of her adult son. (Docket Entry No. 89, at 8.) RWJUH did not raise this issue in its motion to dismiss. (Docket Entry No. 57-3.) The Court declines to address this novel issue on this Motion.

[6] It appears that Plaintiffs did raise these federal constitutional claims in the initial Complaint. (*See* Docket Entry No. 1, at 28 (Count Eight)). Thus, the Court will not address the viability of these claims on this Motion. As it would relate to Plaintiffs' added claim against St. Francis under the New Jersey Constitution, Article I, Paragraph 12, the Court finds the proposed amendment – like the original Complaint – adequately alleges that St. Francis may have been acting under the color of state or federal law. The Court does not find at this preliminary stage that the claim is futile. The parties should be afforded discovery to explore the viability of this claim.

On a motion to amend, the Court looks only to the proposed amendment itself. *Wright v. Deutsche Bank Nat'l Trust Co.*, Civ. Action No. 16-8989, 2018 WL 11456110, at *10 (D.N.J. Dec. 18, 2018). For purposes of determining whether to grant a motion to amend, a court should consider the proposed complaint, not the currently operative complaint. In so doing, the Court "examines the proposed amended complaint as compared to the operative complaint to see if the amendments themselves would render it futile." *Id.* The Court "cannot dismiss or otherwise limit the allegations made in the original Complaint in the context of a motion to amend." *Id.* Thus, the Court declines to find that any of the initial claims pled in the current operative Complaint, are now barred.

Through the Amended Complaint, Plaintiff seeks to bring additional claims under the New Jersey Constitution, Article I, Paragraph 12, which provides, in relevant part: "Excessive bail shall not be required, excessive fines shall not be imposed, and cruel and unusual punishment shall not be inflicted." N.J. Const. Art. I, Para. 12. This provision of the New Jersey Constitution is interpreted as corresponding to the Eighth Amendment. *See Edwards v. Power*, No. 07-4121, 2014 WL 5092916, at *5 (D.N.J. Oct. 10, 2014). In other words, Plaintiffs' New Jersey constitutional claim substantially mirrors the federal constitutional claims that were previously alleged in the Complaint. Thus, the Court finds that Plaintiffs' new claim arises from the same conduct, transaction, or occurrence, which was set out—or attempted to be set out—in the original pleading. *See* Rule 15(c)(1)(B). Plaintiffs' Motion to Amend is GRANTED, in part, and Plaintiffs can bring this newly added constitutional claim.

Next, the Court must also consider Plaintiffs' amendment to add new Defendants and change the name of a previously named Defendant. Plaintiffs' amendment seeks to add two of Schwartz' alleged treating physicians, Drs. Brackin and Fried, as well as NaphCare, of whom

12

Plaintiffs' assert was involved in Schwartz' treatment and care. The Amended Complaint also changes the name of a previously captioned party from UCAL to "New Jersey Urology".[7]

Pursuant to Rule 15(c)(1)(C), an amended complaint relates back when:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In order for a proposed amendment to be appropriately made, all three conditions of Rule 15(c)(1)(C) must be satisfied. *See Barclary v. 7-Eleven, Inc.*, 2021 WL 5449345, at *5 (D.N.J. Nov. 22, 2021). To succeed on their Motion to Amend, Plaintiffs would have to show that (1) Dr. Brackin, Dr. Fried, and NaphCare received actual or constructive notice of this action within 90 days of the filing of the original Complaint; (2) the notice received by Dr. Brackin, Dr. Fried, and NaphCare was sufficient so that they would not be prejudiced in defending on the merits; and (3) Dr. Brackin, Dr. Fried, and NaphCare had actual or constructive knowledge that it would have been named but for a mistake on the part of Plaintiffs.

---

[7] The Court is mindful that the parties have briefly noted that Plaintiffs' amendment changes the name of UCAL to "New Jersey Urology." The parties have not provided any evidence to demonstrate that New Jersey Urology is separate and/or distinct entity from UCAL, who was named in the initial Complaint. Instead, it appears that Plaintiff is simply attempting to correct the name of an already existing Defendant. As a result, to the extent that Federal Rule 15(c)(1)(C) applies, the Court will grant the amendment because UCAL has clearly been served and has had sufficient notice of the initial Complaint.

Rule 15(c)(1)(C)(i), the notice requirement, does not require that the newly named defendant receive notice of the original complaint by service of process; instead, "notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001). In the Third Circuit, notice can be actual or constructive. *Id.* The Third Circuit recognizes two methods of constructive notice. *Id.* at 196-97. The first is the "shared attorney" method which requires that the newly named defendant share an attorney with one of the defendants named in the original complaint. *Id.* at 196. The second is the "identity of interest" method which requires that the parties be "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 197 (quoting 6A Charles A. Wright et al., Federal Practice & Procedure § 1499, at 146 (2d ed. 1990)). In this case, to satisfy Rule 15(c)(1)(C)(i), Plaintiffs must show that within the 90-day period after the filing of the original Complaint, these proposed new Defendants received actual or constructive notice of this lawsuit.

Accordingly, the Court must focus on whether the proposed new Defendants received notice of Plaintiffs' claims against them. Plaintiffs, in their reply submissions, have referenced Federal Rule 15(c)(1)(C) as to the newly added Defendants. (Docket Entry No. 91.) But Plaintiffs do not offer any evidence to show that the newly added Defendants received notice of the action within the Federal Rule 4(m) period as required for their amendment to relate back. Recognizing this shortfall, Plaintiffs raise that there has been "absolutely no discovery regarding these [D]efendants' notice of the claims nor the date(s) on which Plaintiffs should have discovered the bases for the claims against these [D]efendants." (Docket Entry No. 91.) Plaintiffs assert that

14

denial of the amendment to these additional Defendants is premature and should be subject to discovery.

At this juncture, Plaintiffs have not satisfied their burden in showing there was notice under Rule 15(c)(1)(C) for an amendment as to the newly added Defendants. However, the Court agrees with Plaintiffs and may consider facts adduced in discovery to decide motions to amend. *See, e.g., Garvin v. City of Philadelphia*, 354 F.3d 215, 220 n.6 (3d Cir. 2003) (providing five months for discovery and allowing discovery upon issue of notice); *Miller v. Hassinger*, 173 F. App'x 948, 956 (3d Cir. 2006) (reversing denial of motion for leave to amend because "it does not appear that Appellant had a sufficient opportunity to conduct discovery on the issue of notice"); *Richardson v. Barbour*, Civ. Action No. 18-01758, 2020 WL 4815829, at *10 (E.D. Pa. Aug. 19, 2020) (finding "the parties should have the opportunity to conduct discovery on" notice).

Therefore, Plaintiffs Motion to Amend to add these Defendants is DENIED, without prejudice. If, through discovery, Plaintiffs can establish that proposed new Defendants had actual or constructive notice of the claims in the Amended Complaint within the 90-day notice period, they may seek to file a Second Amended Complaint. In turn, Defendants may raise a statute of limitations defense by motion for summary judgment or at trial if the facts and law warrant it.

**IT IS on this 31st day of January, 2023,**

**ORDERED THAT PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT IS GRANTED AND DENIED, IN PART (DOCKET ENTRY NO. 82); AND IT IS FURTHER**

**ORDERED THAT PLAINTIFFS' AMENDMENT TO ADD NEW DEFENDANTS, DR. BRACKIN, DR. FRIED. AND NAPHCARE, IS DENIED, WITHOUT PREJUDICE. PLAINTIFFS MAY SEEK LEAVE TO AMEND THE COMPLAINT CONSISTENT WITH THIS OPINION; AND IT IS FURTHER**

**ORDERED THAT PLAINTIFFS' AMENDMENT TO ADD AN ADDITIONAL CLAIM UNDER THE NEW JERSEY CONSTITUTION, ARTICLE I, PARAGRAPH 12, IS GRANTED; AND IT IS FURTHER**

**ORDERED THAT THE CLERK OF COURT IS DIRECTED TO TERMINATE DOCKET ENTRY NO. 82.**

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**
